UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RMS SERVICES-USA, INC.,

       Plaintiff,                              Case No. 06-15585
                                                     Honorable Lawrence P. Zatkoff

v.

TODD HOUSTON, an individual,
DISCOVERY SUPPORT SERVICES, INC.,
a Georgia corporation, and
JAMES JONES, an individual,

       Defendants.
_____/

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Dismiss Count VIII With Prejudice, filed on March 2, 2007. Defendant has responded to Plaintiff's motion, and Plaintiff has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's Motion to Dismiss Count VIII is GRANTED.

**II. BACKGROUND**

Plaintiff filed the instant suit on December 14, 2006. Count VIII alleges Defendant Discovery Support Services ("DSS") defamed Plaintiff. DSS is insured by Nationwide. Nationwide claims that only County VIII is covered by its policy, and offered DSS $40,000 for a coverage release. After DSS rejected the offer, Nationwide made a settlement agreement with Plaintiff

regarding Count VIII. Plaintiff has now moved to dismiss Count VIII with prejudice. DSS opposes the dismissal, alleging that if it were granted Nationwide would cease to defend DSS in the case.

### III.  ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The Sixth Circuit has held that the rule "contemplates the dismissal by plaintiff of an action without prejudice and is clearly discretionary with the court." *Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964). However, the *Smoot* court held that it was an abuse of discretion for the district court to refuse to grant the plaintiff's motion to dismiss *with* prejudice. *Id.* at 303. Even if *Smoot* could be distinguished from the facts of this case, DSS has not shown how it will be prejudiced if Plaintiff dismisses Count VIII. DSS argues that allowing the dismissal will release Nationwide from its contractual obligation to defend DSS in the case. However, this argument is unpersuasive. As Plaintiff notes, the fight regarding the scope of Nationwide's coverage is between Nationwide and DSS, and any claims DSS may have regarding Nationwide's coverage do not involve Plaintiff. Thus, the Court will grant Plaintiff's Motion to Dismiss Count VIII With Prejudice.

### IV.  CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Motion to Dismiss Count VIII With Prejudice. Count VIII is HEREBY DISMISSED with prejudice.

**IT IS SO ORDERED.**

s/Lawrence P. Zatkoff

LAWRENCE P. ZATKOFF

UNITED STATES DISTRICT JUDGE

Dated: April 4, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 4, 2007.

s/Marie E. Verlinde

Case Manager

(810) 984-3290