UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RMS SERVICES-USA, INC.,

        Plaintiff,

v.

TODD HOUSTON, et al.,

        Defendants.
_____/

CIVIL ACTION NO.  06-15585

DISTRICT JUDGE LAWRENCE P. ZATKOFF

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER DENYING, WITHOUT PREJUDICE, THE MOTION FOR PROTECTIVE ORDER ON BEHALF OF DISCOVERY SUPPORT SERVICES, INC. AND JIM JONES

        The Motion for Protective Order on Behalf of Discovery Support Services, Inc. and Jim Jones was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on April 3, 2007.  Having reviewed the motion, together with Plaintiff's response and Defendants' reply, and having heard the arguments of counsel, I find that the motion should be, and is hereby, denied, without prejudice.

        Defendants admit that their responses to Plaintiff's Interrogatories and Requests for Production of Documents were untimely.  Defendants seek an exception to the general rule that any ground for objection not stated in a timely response is waived, absent a showing of good cause for the failure.  Defendants maintain that their attorney's absence on vacation during approximately three days of the thirty day response period establishes just cause for the failure to make timely responses.  I find that argument insufficient, as counsel had ample time to seek an enlargement of the response period by stipulation, or by

appropriate motion. The Defendants further assert that their untimely responses resulting in no prejudice to Plaintiff. I find that argument wanting as well. Much of the information sought by Plaintiff is/was maintained on Defendants' computer system. Plaintiff seeks a forensic examination of the system to determine whether or not relevant and/or responsive data was altered or deleted prior to Defendants' discovery responses. Until such an examination can be accomplished, an accurate determination as to prejudice resulting from Defendants' delay is not possible. Finally, Defendants argue that Plaintiff's discovery requests were largely improper, and that their objections, though untimely, were meritorious. Once again, I find the record inadequate at this point to warrant the granting of the Defendants' motion. I further find that the movants have not complied with the provision of Fed.R.Civ.P. 26(c) that efforts to informally resolve discovery conflicts without court action is a prerequisite to court ordered limitations on discovery.

IT IS THEREFORE ORDERED that the parties, by counsel, meet and confer, within twenty-one (21) days of the date of this Order, to develop a proposed discovery plan that satisfies the criteria set out in Fed.R.Civ.P. 26(f)(1) through (4).

Pending the formulation of a discovery plan, each party is ordered to take appropriate action to preserve any and all documents, data and tangible things which may be relevant and discoverable in this action.

> (a) Until the parties reach agreement on a preservation plan, all parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel is under an obligation to exercise reasonable efforts to identify and notify

such non parties, including employees of corporate or institutional parties.

(b) "Documents, data and tangible things" is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

(c) "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under Fed.R.Civ.P. 26, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

(d) If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials, the party must, to the extent practicable for the pendency of this order, either

    (1) halt such business processes;

    (2) sequester or remove such material from the business process; or

    (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

  (e) Before the conference to develop a preservation plan, a party may apply to the court for further instructions regarding the duty to preserve specific categories of documents, data, or tangible things.  A party may seek permission to resume routine business processes relating to the storage or destruction of specific categories of documents, data or tangible things, upon a showing of undue cost, burden, or overbreadth.

If, after conferring to develop a preservation plan, counsel do not reach agreement on the subjects listed under paragraph 2 of this Order or on other material aspects of preservation, the parties are to submit to the court within three days of the conference a statement of the unresolved issues together with each party's proposal for their resolution of the issues.  In framing an order regarding the preservation of documents, data, and tangible things, the court will consider those statements as well as any statements made in any applications under paragraph 3(e) of this Order.

 Entered this 5th day of April, 2007.


           s/Donald A. Scheer
           DONALD A. SCHEER
           UNITED STATES MAGISTRATE JUDGE

_____

### CERTIFICATE OF SERVICE

 I hereby certify on April 5, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 5, 2007. **None.**

           s/Michael E. Lang
           Deputy Clerk to
           Magistrate Judge Donald A. Scheer
           (313) 234-5217