UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RMS SERVICES-USA, INC.

   Plaintiff,

v.

TODD HOUSTON, an individual,
DISCOVERY SUPPORT SERVICES, INC.,
a Georgia corporation, and
JAMES JONES, an individual

   Defendants.

Case No.: 2:06-cv-15585

Hon: Lawrence P. Zatkoff

_____/

| | |
|---|---|
| Matthew E. Krichbaum (P52491) | Mary A. Kalmink (P42954) |
| Jason R. Gourley (P69065) | Paul C. Smith (P55608) |
| SOBLE ROWE KRICHBAUM, LLP | CLARK HILL PLC |
| 221 North Main Street, Suite 200 | 500 Woodward, Suite 3500 |
| Ann Arbor, Michigan 48104 | Detroit, MI 48226 |
| (734) 996-5600 | (313) 965-8300 |
| Attorneys for Plaintiff | Attorneys for Defendant Houston |

Richard P. Smith (P36668)
BLAKE KIRCHNER SYMONDS
LARSON KENNEDY & SMITH
PC
535 Griswold St. Suite 1432
Detroit, MI 48226
(313) 961-7321
Attorney for Defendants Jones and
 Discovery Support Services, Inc.

_____/

## STIPULATED PROTECTIVE ORDER

   This matter having come before the Court upon the parties' proposed stipulated protective order under Rule 26(c) of the Federal Rules of Civil Procedure; the parties having hereby acknowledged that certain documents being produced in this litigation include confidential proprietary information such as customer lists and confidential

1

marketing and pricing information; and the Court having found the protection of this confidential information will protect the parties from unfair competition, burden, and expense;

**IT IS HEREBY ORDERED THAT:**

1. This Order will be applicable to, and will govern, all subpoenas, depositions, and any other discovery authorized by the Federal Rules of Civil Procedure, court testimony, matters of evidence, and other disclosed information that the parties have designated in good faith as Confidential Information or Attorney's Eyes Only Information pursuant to this Order.

2. "The Producing Party" as used herein means the party who produces or otherwise discloses Confidential Information or Attorney's Eyes Only Information. "The Receiving Party" means the party to which Confidential Information or Attorney's Eyes Only Information is produced or disclosed.

3. "Confidential" as used herein means any type or classification of information that is designated as confidential by the producing party, whether it is a document, information contained in a document, physical exhibits, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" information, the producing party will make such designation only as to that information that it in good faith believes contains confidential information.

4. "Trial Counsel," as used herein, means only the partners, associates, and employees of:

    A. Soble Rowe Krichbaum, LLP

B. Clark Hill PLC

C. Blake, Kirchner, Symonds, Larson, Kennedy, & Smith, PC

5. "Qualified Person," as used herein, means:

A. Attorneys of record in this litigation and any associated counsel, and employees of such attorneys and counsel to whom it is necessary that the information be disclosed for the purposes of this litigation;

B. Any person employed by a party or its attorneys of record in this litigation as an independent expert (who is not a shareholder, officer, director, or employee of a party) and the expert's employees and associates who agree in writing to be bound by the terms of this Protective Order by signing the acknowledgment in the form of Exhibit A, attached hereto (such signed agreement will be served on the Producing Party).

C. Any other person who is designated as a Qualified Person by written agreement of counsel for the parties or by Order of this Court, after notice to all parties.

6. Documents and things produced which contain "Confidential" information may be designated as such by marking the document or thing at or before the time of production as follows:

"Confidential"

or

"Confidential - Pursuant to Protective Order"

7. Information disclosed at the deposition of a party or of one of the parties' independent experts retained for purposes of this litigation may be designated as

"Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and subject to the provisions of this Order. Such party may also designate any or all information disclosed at such deposition that is to be deemed as "Confidential" by notifying all other parties in writing, within ten business days of receipt of the transcript, of the specific pages and lines of the transcript that contain "Confidential" information. Except for use during court proceedings, all information disclosed in a deposition will be treated as "Confidential" from the time of taking of the deposition through the tenth business day after the transcript of said deposition is received by the party supplying the information.

8. The use of any particularly sensitive information, which has been designated as "Confidential" pursuant to the terms of this Protective Order, may be further restricted by the additional designation of such information as for "Attorney's Eyes Only." Subject to the provision of Paragraphs 14 through 22 below, no one other than Trial Counsel as identified in Paragraph 4 of this Order will have access to information designated "Attorney's Eyes Only."

9. Documents produced that contain particularly sensitive information may be designated as such by marking the initial page at or before the time of production as follows:

       "CONFIDENTIAL - ATTORNEY'S EYES ONLY"

       or

       "CONFIDENTIAL - ATTORNEY'S EYES ONLY
        PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

10. Information disclosed at the deposition of a party or an independent expert retained by one of the parties for purposes of this litigation, may be designated as for "Attorney's Eyes Only" by indicating on the record at the deposition that the testimony is for "Attorney's Eyes Only" and subject to the provisions of this Order. Such party may also designate any or all information disclosed at such deposition which is to be deemed as for "Attorney's Eyes Only" by notifying all parties in writing, within ten business days of receipt of the transcript, of the specific pages and lines of the transcript which contain particularly sensitive "Confidential" information.

11. Any information designated as "Confidential: or "Confidential - Attorney's Eyes Only" shall only be made available from the party receiving it to the producing party or entities that are Qualified Persons or Trial Counsel, respectively, with the exception of documents to be used in a deposition of a non-Qualified person that were addressed to, courtesy copied to or signed by the non-Qualified Person, or with prior approval of the producing party or entity.

12. Any information designated as "confidential" or "Confidential - Attorney's Eyes Only" shall not be used by the party receiving it for any purpose other than in connection with this litigation.

13. In the event that a document is produced without the designation "Confidential" or "Attorney's Eyes Only," and it is later determined, in good faith, that such a designation should have appeared on the document, the producing party may restrict future disclosure of the document, consistent with this Order, by notifying the receiving party in writing of the change or addition of a restrictive designation. The

notice shall include a description of the document and the designation under which future disclosure of the documents is to be governed.

14. In the event that experts are retained by either party to furnish technical or consulting services or to give testimony with respect to the subject matter of this lawsuit and a party desires to disclose to such expert any "Confidential" information marked by the other party "Attorney's Eyes Only," then such disclosure shall be permitted under the following conditions:

    A. Prior to disclosure, the designated expert shall acknowledge in writing that he or she has received and read a copy of this Protective Order by signing a copy of Exhibit A attached hereto, and that he or she is bound by the terms thereof;

    B. Five business days prior to disclosure of such "Confidential - Attorney's Eyes Only" information a copy of signed Exhibit A and a copy of the expert's curriculum vitae shall be delivered to opposing counsel;

    C. In the event that a party who has produced such "Confidential - Attorney's Eyes Only" information objects to its disclosure to an expert by an opposing party, such objecting party must deliver notice of the objection to such opposing party within the five business day period after receiving an executed copy of Exhibit A and the expert's curriculum vitae. In such event, disclosure of the "Confidential - Attorney's Eyes Only" information shall not be made to such expert until the parties agree in writing that such disclosure may be made or the Court rules on the dispute. The objecting party shall with its notice of objection state fully its reasons and grounds for such objections. Failure to timely give notice of the objection to opposing counsel shall operate as a waiver of the objection.

D. Unless the dispute is resolved by agreement of counsel, the objecting party may move within five business days after giving notice of its objections for a ruling by the Court on the dispute. Absent such motion within said time, the objections shall be deemed withdrawn. The party opposing disclosure shall have the burden of establishing the reasonableness of its objections.

15. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as "Confidential" or "Confidential - Attorney's Eyes Only" consents to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

16. No party shall be responsible to another party for any use made of information produced and not designated as "Confidential" or "Confidential - Attorney's Eyes Only."

17. A party shall not be obligated to challenge the propriety of a "Confidential" or "Confidential - Attorney's Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or "Confidential - Attorney's Eyes Only," the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, and the party asserting the "Confidential" or "Confidential - Attorney's Eyes Only" designation shall have the burden of proving same.

18. The clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony filed in Court in this litigation which have been

designated, in whole or in part, as "Confidential" or "Confidential - Attorney's Eyes Only."

19. In the event that a party wishes to use any "Confidential" or "Confidential - Attorney's Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this litigation, such "Confidential" or "Confidential - Attorney's Eyes Only" information used therein shall be filed with the Court in a sealed envelope bearing a legend substantially in the following form:

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER
NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT

and such "Confidential" or "Confidential - Attorney's Eyes Only" information shall be maintained under seal by the Court.

20. Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving information subject to this Order, that all such information is and shall remain confidential and shall not be disclosed except to the Trial Counsel and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to Trial Counsel or to the Court, subject to the provision hereof.

21. Nothing contained in this Order shall affect the right of Producing Party to disclose or to use as the Producing Party desires any information designated and produced by it as "Confidential" or "Confidential - Attorney's Eyes Only."

22. Within sixty days after the conclusion of this litigation, unless the parties agree in writing to the contrary, any originals or reproductions of any documents

produced by a party containing "Confidential" or "Confidential - Attorney's Eyes Only" information shall be returned to the producing party. Insofar as the provisions of any protective orders entered in this litigation restrict the communication and use of the documents produced there under, such orders shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in court (unless such exhibits were filed under seal) and (b) that a party may seek the written permission of the producing party or further of the Court with respect to dissolution or modification of such protective orders.

23. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his examination of but without disclosing "Confidential" or "Confidential - Attorney's Eyes Only" information.

24. Nothing in this Order shall apply to information which the receiving party can affirmatively show (a) was known to the receiving party before disclosure hereunder; or (b) is part of the public domain (i.e. has been disclosed to or is known to third parties not under restriction of confidentiality) or becomes part of the public domain through no breach of the provisions of this Order; or (c) is independently developed by the receiving party through employees having no access or prior access to the same "Confidential" or "Confidential - Attorney's Eyes Only" information disclosed hereunder; or (d) is disclosed to the receiving party by a third party which disclosure does not breach any obligations of confidentiality owed by the third party to the producing party.

25. Nothing in this Order shall bar amendment of this Order by stipulation of the parties or by order to the Court. Any such amendment made by stipulation of the parties shall be made in writing.

**SO ORDERED:**

                                 s/Lawrence P. Zatkoff
                                 Honorable Lawrence P. Zatkoff
                                 United States District Court Judge

May 8, 2007

SO STIPULATED;
APPROVED AS TO SUBSTANCE AND FORM:

| By: | /s/ Matthew E. Krichabum | By: | /s/ Mary Kalmink w/ consent |
|---|---|---|---|
| | Matthew E. Krichbaum (P52491) | | Mary A. Kalmink (P42954) |
| | Jason R. Gourley (P69065) | | Paul C. Smith (P55608) |
| | SOBLE ROWE KRICHBAUM, LLP | | CLARK HILL PLC |
| | 221 North Main Street, Suite 200 | | 500 Woodward, Suite 3500 |
| | Ann Arbor, Michigan 48104 | | Detroit, MI 48226 |
| | (734) 996-5600 | | (313) 965-8300 |
| | Attorneys for Plaintiff | | Attorneys for Defendant Houston |

Dated: April 27, 2007                      Dated: April 27, 2007

By:   /s/ Richard P. Smith w/ consent
      Richard P. Smith (P36668)
      BLAKE KIRCHNER SYMONDS
      LARSON KENNEDY & SMITH
      PC
      535 Griswold St. Suite 1432
      Detroit, MI 48226
      (313) 961-7321
      Attorney for Defendants Jones and
       Discovery Support Services, Inc.

Dated: April 27, 2007

# **Exhibit A**

I, _____, have reviewed the Protective Order entered by the Court in RMS Services-USA, Inc. v. Todd Houston, Jim Jones, and Discovery Support Services, Inc., and agree to be bound by the terms of that Protective Order.

_____

[Name]

Dated:_____